**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAN WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22 C 3201 |
| | ) | |
| THE PARTNERSHIPS AND | ) | Judge Charles P. Kocoras |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Joybuy Express and Joybuy's motion to dismiss [83] and motion to vacate [71] are granted. As to Joybuy Express and Joybuy, the complaint [1] is dismissed and the preliminary injunction order [25] is vacated. See Statement for details.

## STATEMENT

Plaintiff Dan Wang initiated this trademark infringement action against the defendants identified in Schedule A ("Defendants") on June 20, 2022. Dkt. # 1; *see* Dkt. # 4 (Schedule A). Wang's trademark ("JIANGWANG Mark") is registered with the U.S. Patent and Trademark Office. Dkt. # 1, ¶ 20. Wang alleges that Defendants, through the operation of their online stores, offer to sell and sell unauthorized and unlicensed counterfeit products, including hair care products, using counterfeit versions of Wang's mark. His complaint contains three claims: (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, *et seq.*

Wang moved for entry of a preliminary injunction order on August 4, 2022, Dkt. # 21, which was granted on August 9, 2022, Dkt. # 24; *see also* Dkt. # 25.

Attorney appearances were entered for Defendants Joybuy Express and Joybuy ("Moving Defendants" or "Joybuy Marketplace") on October 3, 2022. Dkt. # 32; Dkt. # 33. Moving Defendants filed a motion to vacate the preliminary injunction order on March 31, 2023.[1] Dkt. # 71. They filed a motion to dismiss on May 22, 2023, Dkt. # 83, which seeks to dismiss the complaint in its entirety for lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5).

The following facts come from the complaint and are assumed true for the purpose of this motion. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). All reasonable inferences are drawn in Wang's favor. *Id.*

Wang specializes in the creation, manufacture, marketing, and licensing of products which display the JIANGWANG Mark ("JIANGWANG Products"). Since 2015, he has sold a variety of products related to hair care, all bearing the JIANGWANG Mark. Wang is the owner and licensor of all JIANGWANG Products that are available at jiangwang.us. He has invested substantial resources, time, money, and commercial efforts to establish the goodwill of the JIANGWANG Mark and the JIANGWANG Products. The success of Wang's business enterprise is a result of his efforts to market, promote, and advertise online via e-commerce. Members of the public associate the JIANGWANG Products with Wang.

---

[1] Moving Defendants also joined Defendant CARRTUI BEST INC.'s ("CARRTUI") motion to vacate, Dkt. # 72, which has since been denied as moot in light of CARRTUI's dismissal from the case, Dkt. # 88.

Wang has continuously used the JIANGWANG Mark in connection with the sale, distribution, promotion, and advertising of genuine JIANGWANG Products since February 18, 2015.

Wang has identified product listings on online marketplaces such as Amazon.com, eBay.com, Walmart.com, and other internet sites offering for sale and selling counterfeit JIANGWANG Products to consumers throughout the United States, including Illinois. Wang alleges that Defendants enable and facilitate sales of counterfeit JIANGWANG Products by presenting their online stores as legitimate resellers. Wang has not licensed or authorized Defendants to use the JIANGWANG Mark and none of the Defendants are authorized retailers of JIANGWANG Products. Defendants are individuals and business entities residing primarily in China or other foreign jurisdictions. They conduct business throughout the United States, including Illinois, through the operation of fully interactive commercial online marketplaces.

Wang alleges Defendants used and continue to use the JIANGWANG Mark in connection with the advertisement, distribution, offering for sale, and sale of counterfeit JIANGWANG Products in the United States and Illinois over the internet. Each Defendant offers shipping to the United States and Illinois.

Moving Defendants argue that the claims against them should be dismissed because the Court lacks personal jurisdiction over them and because Wang did not properly serve them. Moving Defendants assert the Joybuy Marketplace is an online platform maintained by corporate entities Jingdong E-commerce (Trade) Hong Kong Corporation Limited ("Jingdong") and JD E-Commerce America Limited ("JD America") (together, the

3

"Joybuy Entities"). The Joybuy Entities state they maintain a platform for third-party sellers to market and sell their goods to customers. Jingdong is located in Hong Kong and JD America is a Delaware corporation with its principal place of business in California.

As to personal jurisdiction, the Joybuy Entities claim they are not residents of Illinois and have no physical presence in Illinois, nor did they commit acts specific to or targeting Illinois. The Joybuy Entities submitted 28 exhibits to support their motion to dismiss. The relevant exhibits are summarized below:

- Exhibit A: A Walmart webpage for Joybuy indicating that its "business name" is Jingdong and that it is located in Hong Kong. Dkt. # 83-1.

- Exhibit B: A Walmart webpage for Joybuy Express indicating that its "business name" is JD America and that it is located in Irvine, CA. Dkt. # 83-2.

- Exhibit C: A webpage from Delaware.gov indicating that JD America was incorporated in Delaware in 2016 and that it has a registered agent in Dover, DE. Dkt. # 83-3.

- Exhibit D: The Declaration of Qiaotian Han, signed under the penalty of perjury. Dkt. # 84. Han states that he is employed as legal counsel by JD.com, Inc., an affiliate company of Jingdong and JD America. Jingdong is incorporated in Hong Kong and JD America is a Delaware corporation with its principal place of business in California. Neither company owns or maintains any offices, facilities, or properties in Illinois nor has any employees in Illinois. Jingdong and JD America "maintain online marketplaces called 'Joybuy' and 'Joybuy Express' . . . through Walmart.com." The Joybuy Marketplace is a platform that facilitates sales of a wide range of products between third-party sellers and their customers through Walmart.com. Jingdong and JD America make their platform available to third-party sellers in China, who may list, offer, and sell their products on the Joybuy Marketplace. Jingdong and JD America do not themselves list, offer, or sell any of the JIANGWANG Products on the Joybuy Marketplace. There were nine sales of the JIANGWANG Products in the state of Illinois, all from two third-party sellers and totaling $69.69. Jingdong and JD America did not exercise control over the products listed by third-party sellers, direct advertising or marketing activities of the third-party sellers, create or control the names, descriptions, or pictures associated with product listings on the Joybuy Marketplace, set the pricing of products listed

by the third-party sellers, or store, possess, or physically handle the products listed by the third-party sellers.

When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *NBA Props. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). Where the court rules on a defendant's motion to dismiss without an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction. *Id*. (quoting *Curry v. Revolution Laby's, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020)). The court may consider affidavits on the issue of personal jurisdiction; both parties' affidavits are accepted as true, and where they conflict, the plaintiff is entitled to resolution in its favor. *Id*. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

Because the Lanham Act does not authorize nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018). The Illinois long-arm statute allows courts to "exercise jurisdiction on any basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Because there is "no operative difference between" the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over Defendants complies with the limits imposed

by the Fourteenth Amendment's Due Process Clause. *Curry*, 949 F.3d at 393 (citation omitted). The Due Process Clause's limitations "protect an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id*. Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.'" *Philos Techs, Inc. v. Philos & D, Inc*., 802 F.3d 905, 913 (7th Cir. 2015) (citation omitted). Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "random, fortuitous, or attenuated." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citation omitted).

Moving Defendants argue that the Court cannot exercise specific jurisdiction over them.[2] For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)). Moving Defendants first point out that the complaint does not distinguish between any of the Defendants and does not even identify the products allegedly offered or sold by any of the Defendants. According to Moving Defendants, Wang's theory of specific jurisdiction (that all Defendants market and/or sell allegedly infringing products over the internet) does not set forth enough facts to establish that exercising personal jurisdiction over them is consistent

---

[2] Wang does not assert general jurisdiction.

with due process because "there is no factual allegation to support [this] theory with respect to" the Joybuy Entities. Dkt. # 83, at 7. "Instead, [Wang] lumps [the Joybuy Entities] together with at least 57 other defendants in the Complaint and contends without support that jurisdiction is proper." *Id*. Furthermore, Moving Defendants assert the evidence submitted with their motion to dismiss shows that they only maintain the platform allegedly used to offer or sell the Accused Products, and thus the Joybuy Marketplace did not use the JIANGWANG Mark as required to allege infringement.

The Court agrees with Moving Defendants that Wang has not shown their suit-related conduct creates a substantial connection with the forum state. *See Walden*, 571 U.S. at 284. In order for a court to exercise specific jurisdiction over an out-of-state defendant, three "essential requirements" must be met: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry*, 949 F.3d at 398 (citation omitted); *see also Tamburo*, 601 F.3d at 702. Wang fails to state a prima facie case for specific jurisdiction over Moving Defendants.

Moving Defendants contend Wang's allegation that all Defendants "operat[e] one or more commercial, fully interactive" online stores cannot show purposeful availment because they do not direct their conduct at Illinois. We agree. "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website

7

that is accessible in the forum state, even if that site is 'interactive.'" *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 760 (7th Cir. 2010). "Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market." *be2 LLC v. Ivanov*, 642 F.3d 555, 559–60 (7th Cir. 2011) (collecting cases) (emphasis in original). "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id*.

Furthermore, while "[a]n example of a purposefully directed activity is a defendant causing its product to be distributed in the forum state," *Chenyan v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 WL 1812888, at *5 (N.D. Ill. 2021) (citing *Curry*, 949 F.3d at 399), Moving Defendants have presented evidence that third-party sellers using the Joybuy Marketplace platform, and not Moving Defendants themselves, made the actual sales of and handled all aspects of the products at issue. Wang does not address this evidence or otherwise show that Moving Defendants engaged in any infringing activity or directed any activity towards Illinois. Rather, he merely argues that Moving Defendants are "attempt[ing] to avoid liability by pointing the finger to third parties." Dkt. # 90, at 1. He further states that they "asserted a willingness to ship the infringing goods to Illinois and established the capacity to do so through the purported third-party sellers." *Id*. This ignores the evidence and argument presented by Moving Defendants regarding their lack of control over the third-party sellers.

Wang states without any citation to evidence that Moving Defendants "own the Walmart.com storefronts that advertised and sold the infringing goods, and as the owners

they necessarily had the ability to control and monitor the products being sold by their storefronts, and whether the products were available for shipment." *Id*. at 3. The remainder of his arguments in response are similarly conclusory and unsupported. *See*, *e.g.*, *id.* at 4 ("As the owners of the Walmart.com storefronts, [Moving] Defendants necessarily had the ability to control and monitor the products being sold by their storefronts, and where the products were available for shipment."). But Wang "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *See Purdue*, 338 F.3d at 783. He submitted no relevant evidence and therefore fails to meet his burden.[3] *See Chenyan*, 2021 WL 1812888, at *4 ("[defendant's] lack of control over the [internet] Stores negates the claim that [defendant] himself has directed contact with the state of Illinois, rendering this Court unable to exercise personal jurisdiction over him.").

Wang also fails to show that his alleged injury arose out of Moving Defendants' forum-related activities for the reasons discussed above, i.e., the Joybuy Entities were not the sellers or marketers of the Accused Products and the only sales of the Accused Products in Illinois were made by third parties.

Because Wang fails to establish the first two of the three requirements for specific jurisdiction, his claim must fail. *See Curry*, 949 F.3d at 395. We note, however, that

---

[3] Wang's allegations that all Defendants "reach out to do business with residents of Illinois" and have "targeted sales" of infringing products in Illinois are similarly unsupported and conclusory. Dkt. # 1, at ¶ 8. And Wang's reference to *Int'l Star Registry of Ill. Ltd. v. RGIFTS Ltd.*, 2022 WL 16715889, at *4 (N.D. Ill. 2022) is unavailing because the defendant there used another company to fulfill its orders, while here, Moving Defendants have presented evidence that the orders at issue were not attributable to them at all. Finally, Wang's citations to two Walmart.com web pages say nothing about the specifics of this case. *See* Dkt. # 90, at 2 n.1 and n.2.

exercising personal jurisdiction over Moving Defendants would also not comport with traditional notions of fair play and substantial justice because "[r]equiring [Moving Defendants] to litigate in a forum where [they] have zero contact, beside Plaintiff's lawsuit, would impose a tremendous burden on" them. *See Chenyan*, 2021 WL 1812888, at *6. And because Moving Defendants have shown that they do not actually operate the relevant online stores but instead merely run a platform, Wang has not shown that they "specifically targeted any Illinois consumer, which weakens Illinois's interest in adjudicating this dispute." *Id*.

In summary, the Court lacks personal jurisdiction over Moving Defendants because they have shown they do not offer or sell the products at issue and did not purposefully avail themselves of the privilege of doing business in Illinois. Moving Defendants' motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is therefore granted and we do not address Moving Defendants' argument regarding insufficient service of process. Because we lack jurisdiction over Moving Defendants, their motion to vacate the preliminary injunction order is granted as well.

## CONCLUSION

For the foregoing reasons, Moving Defendants' motion to dismiss [83] and motion to vacate [71] are granted. It is so ordered.

Dated: 12/08/23

Charles P. Kocoras
United States District Judge